FILED
 2007 Dec-14  PM 01:06
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **MELISSA G. LETSON** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-06-S-2053-NW |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

### ENTRY OF JUDGMENT UNDER SENTENCE FOUR
### OF 42 U.S.C. § 405(g) AND
### ORDER OF REMAND

Claimant, Melissa Letson, commenced this action on October 13, 2006, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner affirming the decision of the Administrative Law Judge denying her claim for supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded to the Commissioner for further evaluation.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's residual functional capacity assessment was not supported by any medical opinion as to claimant's ability to perform work-related activities. Claimant also argues that the ALJ: (1) improperly considered the symptoms of claimant's kidney and bladder conditions; (2) failed to articulate adequate reasons for discrediting claimant's testimony; and (3) mischaracterized claimant's reported daily activities. The court agrees with claimant's first contention.

The ALJ found claimant capable of performing light work. In forming this conclusion, however, the ALJ did not rely upon a physical capacities evaluation by any treating or consultative physician, because no such evaluation exists in the record. The court concludes that, absent consideration of any evaluation of claimant's limitations by a medical source, the ALJ's decision was not supported by substantial evidence.

The court acknowledges that claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). Even so, the ALJ

>has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 Fed. Appx. 597, 598 (11th Cir. 2005) (emphasis supplied). Here, the medical evidence in the record is not sufficient.[1] Remand is warranted for the ALJ to obtain additional medical evidence, including a functional capacity evaluation, to determine claimant's residual functional capacity in light of her impairments. *See Coleman v. Barnhart,* 264 F. Supp. 2d 1007, 1010 (S.D. Ala. 2003) ("The undersigned finds it unclear how the ALJ found plaintiff could meet the threshold physical requirements of medium work, in absence of a physical capacities evaluation (PCE) completed by a treating or examining physician, particularly in light of plaintiff's numerous severe impairments.").[2]

Accordingly, the decision of the Commissioner is reversed, and this action is

---

[1] The Commissioner should not misinterpret this opinion to hold that an ALJ's decision can *never* be supported by substantial evidence if there is no functional capacity evaluation on file from a medical source. The court holds only that, *in this case,* the medical record was not sufficient for the ALJ to make an informed decision regarding claimant's residual functional capacity.

[2] Because the court finds remand is warranted on these grounds, it need not consider claimant's other arguments in favor of reversing the Commissioner's decision.

REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

The clerk is directed to close this file.

DONE this 14th day of December, 2007.

_____
United States District Judge